| | | |
|---|---|---|
| CASSANDRA GOLDEN and CHRISTINA GREEN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:25-cv-6-TRM-CHS |
| v. | ) ) | |
| LARRY J. OLSON, JR., d/b/a L O's TRUCKING, | ) ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESSES

COMES NOW Defendant Larry J. Olson, Jr. (hereinafter "Mr. Olson"), by counsel, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, and requests that this Court enter an Order striking Plaintiffs' expert disclosures and barring Plaintiffs from utilizing any expert witness or any expert information in this matter, whether on a motion, at a hearing, at trial, or for any other reason.

### I.   Statement of Facts and Procedural History

This matter arises from a motor vehicle accident that occurred on July 18, 2019, on Interstate 24 westbound in downtown Chattanooga, Tennessee, near the Interstate 24 -Highway 27 split. On July 6, 2020, Plaintiffs filed their previous action in the Circuit Court for Hamilton County, Tennessee. The parties conducted written discovery. Plaintiffs' depositions were taken on September 17, 2021. A Scheduling Order was entered on September 21, 2023, with trial scheduled for April 23, 2024. Mr. Olson's deposition was taken November 30, 2023.

The Agreed Scheduling Order in the previous state court matter included a deadline for Plaintiffs to provide expert disclosures by October 2, 2023, to depose Plaintiffs' (retained) expert witnesses by January 31, 2025, and to depose Plaintiffs' treating physicians by February 23, 2024. Plaintiffs did not make any expert disclosures, instead intending to rely on treating physicians to testify

as expert witnesses. On February 12, 2024, eleven days before Plaintiffs were required to depose any treating physicians, Plaintiffs filed a Notice of Voluntary Nonsuit pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. This is apparently because of the difficulty Plaintiffs were having in scheduling the depositions for proof of the Plaintiffs' treating physicians. An Order of Voluntary Nonsuit Without Prejudice was entered by the Hamilton County Circuit Court on February 13, 2024.

On June 21, 2024, Plaintiffs filed Complaint in this matter in the Hamilton County Circuit Court. On January 6, 2025, Mr. Olson filed the Notice of Removal (Doc. 1), and filed his Answer (Doc. 4) on the same day.

On February 11, 2025, a Scheduling Conference was held with Judge McDonough. Appearing for the Plaintiffs was attorney Jason Dollard, and appearing for Mr. Olson was attorney Graham Thompson. On February 13, 2025, a Scheduling Order was entered by the Court. (Doc. 18). The Scheduling Order included the following deadlines regarding expert witness disclosures:

> (b) **Expert Testimony**: Disclosure of any expert testimony any party seeks to use to meet its burden of proof shall be made on or before **April 21, 2025**, in accordance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure. Disclosure of rebuttal expert testimony shall be made by the parties on or before **May 19, 2025**. Rebuttal expert testimony challenges the opinions or methods of a previously disclosed expert and is no broader in scope.

(Doc. 18, p. 1).

On April 21, 2025, Plaintiffs' counsel served Expert Disclosures for both Cassandra Golden and Christina Green. Cassandra Golden's Expert Disclosures are filed as <u>Exhibit 1</u>. Christina Green's Expert Disclosures are filed as <u>Exhibit 2</u>. The Expert disclosure are identical, disclosing Dr. James Fish, D.O., as Plaintiffs' expert. With regard to Dr. Fish, Plaintiffs' Expert Disclosures state as follows:

> Plaintiff expects to call Dr. James Fish, D.O. as Expert Witness pursuant to F.R.C.P. 26 (2) who will testify as to, and consistent with, the information contained in his report (will supplement) (attached is Dr. Fish's CV, Deposition History and Financial Arrangement;*No known publications in the last 10 years), as well Plaintiff's medical records, reports and bills regarding the causation, nature and extent of any injuries sustained in the subject accident, the past, present and potential future medical treatment necessary, and the reasonableness of the charges incurred as a result. Dr. Fish's testimony and opinions will be based on review of the Plaintiff's medical records and bills, and his education, training, and experience as a physician. Dr. Fish will be paid $1,500.00 per hour for his deposition testimony, and his curriculum vitae is attached.
>
> Dr. James Fish, D.O.
> 300 Stonecrest Blvd., Suite 230
> Smyrna, TN 37176

(Exhibit 1, p. 2; Exhibit 2, p. 2).

Plaintiffs' Expert Disclosures indicate that Dr. Fish "will testify as to, and consistent with, the information contained in his report **(will supplement)** . . . as well Plaintiff's medical records, reports and bills regarding the causation, nature and extent of any injuries sustained in the subject accident, the past, present and potential future medical treatment necessary, and the reasonableness of the charges incurred as a result. Dr. Fish's testimony and opinions will be based on review of the Plaintiff's medical records and bills, and his education, training, and experience as a physician." *Id.* (emphasis added). The Expert Disclosures included the CV and testimony list for Dr. Fish. (*Id.* at pp. 3-13).

However, Plaintiff's Expert Disclosures did not include any report by Dr. Fish. To date, Plaintiffs have not served any report(s) of Dr. Fish. Furthermore, Plaintiffs have neither contacted Mr. Olson's attorney nor sought leave of this Court to untimely serve complete expert disclosures.

However, on May 9, 2025, Plaintiffs' counsel contacted Mr. Olson's counsel by email, indicating that because Dr. Fish suffered a death in the family, Plaintiffs may need additional time to

take Dr. Fish's deposition. (See Exhibit 3). On May 12, 2025, Plaintiffs' counsel again contacted Mr. Olson's counsel to request an extension of the deadline for Dr. Fish's deposition. Again, no attempt was made to provide Dr. Fish's expert reports or to request an extension of time to provide complete expert disclosures.

## II. Law and Argument

Plaintiffs were ordered by this Court to disclose their Rule 26 expert information no later than April 21, 2025. Federal Rule of Civil Procedure 26(a)(2) states that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The disclosure must include a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (applying to witnesses retained or specially employed to provide expert testimony). For those experts who are not retained, Fed. R. Civ. P. 26(a)(2)(C) requires the following disclosure:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C). Furthermore the law is clear that parties must comply with Rule 26(a)(2)(C) even when it comes to treating physicians:

> With respect to experts who are not retained or specially employed to provide expert testimony—such as treating physicians possibly, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Generally, "a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not 'retained or specially employed to provide expert testimony in the case.' " *Taylor v. U.S.*, No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23, 2005) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Rule 26(a)(2)(C), however, with its requirement for summary disclosures, "appears to speak directly to experts, such as treating physicians whose testimony often blurs the line between fact and opinion." *Erickson v. Fahrmeier*, No. 3:17-CV-518-TWP-HBG, 2019 WL 6040787, at *4 (E.D. Tenn. Sept. 6, 2019) (quotation marks and citation omitted). "Thus, while treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B), the party offering the treating physician's opinion must provide the disclosures outlined in Rule 26(a)(2)(C)." Id.; see also *Tanganeka v. UAW Int'l, No. 15-10525*, 2015 WL 6156968, at *1 (E.D. Mich. Oct. 19, 2015) (noting that the more detailed Rule 26(a)(2)(B) report might be required when a treating physician testifies to "matters beyond the permissive core on issues pertaining to treatment." (quotation marks and citation omitted)).

Layne v. Walmart, Inc., No. 1:18-CV-253-SKL, 2020 WL 13443363, at *3 (E.D. Tenn. July 9, 2020).

"A party <u>must</u> make these disclosures at the times and in the sequence that the Court orders." Fed. R. Civ. P. 26(a)(2)(D) (emphasis added.) The Scheduling Order specifically states that the Plaintiffs were required to make their expert disclosures "in accordance with Rule 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rule of Civil Procedure." (Doc. 18, PageID #57).

Federal Rule of Civil Procedure 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Sixth Circuit has put forth a five-factor test to determine whether a party's failure to provide the information required by Rule 26(a) "was "substantially justified or is harmless." The five factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015.) "District courts have broad discretion in applying these factors and need not apply each one rigidly." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal citations and quotations omitted). The five *Howe* factors are addresses individually below:

**(1) Surprise**

Mr. Olson can hardly claim that it would be surprised that the Plaintiff may intend to introduce expert witness testimony at trial. However, Mr. Olson has no idea what opinions Dr. Fish may offer regarding either Plaintiff. Furthermore, Mr. Olson has no idea the opinions of Dr. Fish, the facts or data considered by him to reach his opinions, any exhibits used to summarize or support the opinions, the witness's qualifications, a list of the witness's prior testimony, the witness's compensation, etc. In the case *Etheridge v. E. I. DuPont De Nemours and Co., Inc.*, No. 14-cv-2443-SHL-CGC, 2015 WL 12516227 (W.D. Tenn. Oct. 14, 2015), Judge Sheryl Lipman noted that a defendant would not be surprised by the disclosure of experts or treating physicians because such experts are routinely used in such cases. *Etheridge*, *supra*, at *3. However, Judge Lipman went further and noted, "However, Defendant still does not know what opinions these experts will offer. The first factor, therefore, weighs in Defendant's favor." *Id.* Therefore, Mr. Olson would be completely surprised, and the first factor supports the striking of Plaintiffs' expert disclosures and barring of Plaintiffs' expert testimony.

**(2) Curing the Surprise**

Here the second factor also supports the granting of this Motion. The Plaintiffs have not provided the required expert report. As such, Mr. Olson has no idea what Dr. Fish's opinions may be, or even the facts that Dr. Fish may base his opinions on. Without any of this information, it is impossible for Mr. Olson to cure the surprise.

**(3) Disruption of Trial**

Plaintiffs were ordered to disclose her expert(s) no later than April 21, 2025. Mr. Olson has until May 19, 2025, to disclose any rebuttal experts. Discovery must be completed by June 30, 2025. Trial is scheduled for November 10, 2025. In order to prepare a defense, Mr. Olson must know how Plaintiffs intend to prove causation, and what damages they intend to prove. Because the Plaintiffs have not properly disclosed their experts, Mr. Olson's ability to comply with the remaining deadlines and adequately prepare for trial is severely prejudiced. Therefore, the third factor favors the striking of Plaintiffs' expert disclosures and the exclusion of Plaintiff's expert testimony.

**(4) Importance of the Evidence**

The importance of Plaintiffs' expert disclosures cannot be overstated. This is a personal injury action based on a motor vehicle accident. "In personal-injury cases, plaintiffs usually must prove causation and justify medical expenses through expert medical testimony. *See Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App. 2001) (causation); *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009) (necessity and reasonableness of medical expenses)." *Barnes v. Malinak*, No. 3:15-CV-556, 2017 WL 3687320, at *4 (E.D. Tenn. Aug. 25, 2017). Dr. Fish is the only expert that Plaintiffs have disclosed. As such, expert testimony is all but required. Therefore, the fourth factor is the only one to favor the Plaintiffs.

**(5) Plaintiff's Explanation for Failure to Disclose the Experts**

To date Plaintiffs have offered no explanation for failing to properly disclose Dr. Fish. To date she has neither supplemented her Expert Disclosures, as indicated, nor requested the Court's leave for additional time. The underlying motor vehicle accident occurred on July 18, 2019. The previous state court matter was filed on July 6, 2020, and the Plaintiffs voluntarily dismissed that action days before Plaintiffs' deadline to depose treating physicians. Plaintiffs have had more than enough time to identify and disclose any expert witnesses. Moreover, because Dr. Fish's opinions are so important (the fourth

factor, above,) the Plaintiffs' failure to properly disclose him is less forgivable. "The fourth factor alone favors Plaintiff, as medical causation is an important piece of evidence in her case. This point, however, simply underscores why the fifth factor favors Defendant. That is, because this evidence is so important to Plaintiff, her explanation for her failure to abide by the Court's Order or the Federal Rules of Civil Procedure becomes even less satisfactory." *Etheridge v. E. I. DuPont De Nemours & Co.*, No. 14-CV-2443-SHL-CGC, 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015).

Analysis of all five *Howe* factors supports the striking of Plaintiffs' expert disclosures and the exclusion of Dr. Fish. As the noncompliant parties, Plaintiffs have the burden of proving harmlessness. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Plaintiffs may suggest that Mr. Olson has not been prejudiced by their failure to make the disclosure as required by the Rules of Civil Procedure. "Harmlessness, however, is the key under Rule 37, not prejudice. The advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal citations omitted).

Plaintiffs have not complied Fed. R. Civ. P. 26(a)(2) and made the required disclosures. Plaintiffs' failure to make the require disclosures is neither substantially justified nor harmless. Therefore, Plaintiffs should be forbidden from introducing any facts, opinions, or other evidence via Dr. Fish, whether retained or not.

## **CONCLUSION**

Here, it appears Plaintiffs are repeating what happened in the state court case over one year ago. This time, they decided to retain Dr. Fish in lieu of attempting to obtain the depositions of their treating providers for proof, which apparently gave them difficulty last time. This time, it appears they are again having difficulty obtaining the deposition of the expert(s) that they require to prove their

case. With respect and sympathy to Dr. Fish, a death in his family does not excuse Plaintiffs from complying with their obligations under the Rules of Civil Procedure and the law regarding expert disclosures. Plaintiffs failed to comply with the Court's Scheduling Order and failed to comply with the Rules of Civil Procedure, apparently even before they found out about Dr. Fish's unfortunate news. Now over three weeks after Plaintiffs deadline, Plaintiffs still have not complied, and have not even requested an extension of their deadline to provide expert disclosures.

Federal Rule of Civil Procedure 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiffs' failure was neither substantially justified nor harmless. For the reasons discussed in detail above, Mr. Olson's Motion should be granted, and Plaintiffs should be forbidden from proffering Dr. Fish as an expert, introducing any opinions by Dr. Fish, or referencing Dr. Fish and/or his opinions in any way in a motion, at a hearing, or at trial of this matter. Furthermore, because the Plaintiffs have not disclosed any other experts (whether retained experts or treating providers,) they should be barred from admitting any expert testimony in this matter.

Respectfully submitted this 13th day of May, 2025.

**COPELAND, STAIR, VALZ & LOVELL, LLP**

*/s/ G. Graham Thompson*
ANGELA CIRINA KOPET; BPR 017921
G. GRAHAM THOMPSON; BPR 034467
735 Broad Street, Suite 1100
Chattanooga, TN 37402
Phone: (423) 713-7075
Fax: (423) 648-2283

## CERTIFICATE OF SERVICE

      This is to certify that on the date below, the foregoing pleading was filed electronically and that the notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Jason Dollard, Esq.
Allen Gressett, Esq.
Schwed, Adams, & McGinley, P.A.
88 Union Avenue, 11th Floor, Suite 1100
Memphis, TN 38103
JDollard@schwedlawfirm.com
*Attorney for Plaintiffs*

This 13th day of May, 2025.

                            **COPELAND, STAIR, VALZ & LOVELL, LLP**

                            */s/ G. Graham Thompson*

735 Broad Street, Suite 1100
Chattanooga, TN 37402
Phone: (423) 713-7075
Fax: (423) 648-2283